KANSAS CITY LUGGAGE & NOVELTY
WORKERS UNION, LOCAL NO. 66,
AFL–CIO, Appellant,

v.

NEEVEL LUGGAGE MANUFACTUR-
ING COMPANY, Inc., Appellee.

No. 17397.

United States Court of Appeals
Eighth Circuit.

Jan. 13, 1964.

William D. Cosgrove, Kansas City, Mo., for appellant.

Harry L. Browne, Kansas City, Mo., Howard F. Sachs, Spencer, Fane, Britt & Browne, Kansas City, Mo., for appellee.

Before SANBORN, VOGEL and BLACKMUN, Circuit Judges.

SANBORN, Circuit Judge.

Appellant union, which has a collective bargaining agreement with appellee, Neevel Luggage Manufacturing Company, Inc., brought this action to enforce the award of an arbitrator, selected by the parties, determining that the Company, in laying off eight of its employees, who were members of the Union, had violated provisions of the collective agreement relating to layoffs and that the aggrieved employees were entitled to be reinstated without loss of seniority or of pay.

The question submitted, by agreement, to the arbitrator was:

"Was the layoff of Caroline De Maria on May 15 [1962] and the layoffs of Helen Kirkman, Marie Geisstdorfer, Opal Snyder, Martha Herold, Lavetta Evans, Gladys Simpson, and Marta Glowicki on or about May 18 improper under the terms of the contract between the parties?"

The award was that the layoffs were improper, and that the employees should be restored to jobs without delay, "with seniority unimpaired and with pay for time lost (not including sick leave time), less earnings and unemployment compensation."

The Company, without challenging the arbitrator's determination that the layoffs in question were "improper under the terms of the contract between the parties," filed a motion with the arbitrator asking for reconsideration of the question of back pay or the elimination from the award of any reference to it.

The Union took the position, on the Company's motion before the arbitrator, that the arbitration award, once having been made, became final and conclusive, and that he was without power to change it. The Company contended that the arbitrator, in dealing with the question of reimbursement for time lost by the aggrieved employees, had exceeded his authority and had decided a question not submitted to him for determination, and

not directly covered by the terms of the collective agreement.

In denying the Company's motion for reconsideration of the question of allowance of back pay, the arbitrator said:

> " * * * Back pay was not mentioned in the submission agreement, dated June 26 [1962], during the long hearing, or in the extensive briefs the parties filed. If the Arbitrator's recollection of his mental processes is correct, he awarded compensation on the principle that an employee improperly laid off is entitled to more than a naked answer to the question whether the collective bargaining agreement had been violated.
>
> * * * * * * *
>
> "An arbitrator certainly should be sensitive whenever his authority is put into question—in utter good faith, as here. And he is indeed in a dilemma when one side charges that he has already exceeded it, and the other side—without directly defending the 'offending' portions of the Award—insists that he is utterly without power to correct his mistakes, no matter how serious.
>
> "Even though the Company has presented a proposition meriting attention and regretting the Union's unwillingness to stipulate for its reconsideration, the said motion is, in the opinion of the Arbitrator, beyond his reach. One error in a case should be enough; he will not run the risk of committing another, and thus further complicate the relationship of the parties. The Company must be referred to some other tribunal to test the validity of the objectionable portions of the Award."

The Company reinstated the employees who were found by the arbitrator to have been improperly laid off, but did not pay them for time lost. The Union then brought this action under § 301(a) of the Labor Management Relations Act, 1947, 61 Stat. 156, 29 U.S.C. § 185(a), to enforce the entire award. There was no dispute as to the pertinent facts. Each of the parties moved for summary judgment. The trial court granted the motion of the Company, saying:

> "In the case at bar it cannot be successfully argued that the question of awarding back pay was specifically submitted for arbitration, as this point was never raised, subsequent to the filing of the submission agreement. Neither can it be successfully contended that the back pay naturally flows from the decision that the layoffs were improper because of a failure to follow the procedures delineated in the contract, for, as has already been shown, under these circumstances, some of the employees might not have been entitled to back pay, if they would have been laid off anyway. It seems clear that this question involves an interpretation of the contract, which is either silent, or at the most, ambiguous on this subject, and therefore should be submitted to arbitration, in accordance with the provisions of the contract regarding disputes over the interpretation of the contract. Further, it cannot be implied that the arbitrator did consider this matter in his decision, as he has made it clear that this was not considered by him.
>
> "For the above-stated reasons, defendant's motion for summary judgment is granted, and the plaintiff's motion for summary judgment is hereby denied, both without prejudice to further arbitration proceedings on the issues of liability for back pay, interpretation of the contract and any other related issues except the one specifically determined by the arbitrator that these layoffs were improper."

In granting the Company summary judgment, the trial court merely declined to enforce so much of the arbitrator's award as related to back pay, and did so without prejudice to further arbitration

proceedings to resolve that issue. While it may be doubted that the question was or is of sufficient importance to justify reviving or prolonging any part of the dispute between the parties, it is true, as the trial court said, that the back pay issue was not specifically or necessarily included in the subject matter submitted to arbitration.

 It is the law that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409. See, also, United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 570–571, 80 S.Ct. 1343, 4 L.Ed.2d 1403; Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462. In our opinion, this does not mean that every arbitration award may be subjected to an exhaustive post-mortem in the hope of salvaging for further controversy some subsidiary question of no controlling practical consequence, if it was not specifically included in the problem as it was submitted to the arbitrator for determination. Whether the post-award back pay question raised by the Company in this case actually merits or requires that that portion of the award be not enforced may be questionable. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598–599, 80 S.Ct. 1358, 4 L.Ed.2d 1424. It was held in that case, however, that an order of the District Court compelling compliance with an arbitrator's award should be modified so that the amount due the aggrieved employees by way of back pay might be definitely determined by arbitration. In Selb Manufacturing Co. v. International Association of Machinists, 8 Cir., 305 F.2d 177, relied on by the Union in the instant case, there was no contention that the allowance of back pay made the award unenforceable.

The judgment appealed from is affirmed.