**FEDERAL COMMERCE & NAVIGATION COMPANY, Limited, Plaintiff-Appellant,**

**v.**

**KANEMATSU-GOSHO, LIMITED, Defendant-Appellant.**

**Nos. 388, 401, Dockets 71-1873, 71-2061.**

United States Court of Appeals, Second Circuit.

Argued Jan. 5, 1972.

Decided March 17, 1972.

Donald B. Allen, New York City (Hill, Betts & Nash, New York City, on the brief), for plaintiff-appellant.

Francis J. O'Brien, New York City (Zock, Petrie, Sheneman & Reid, New York City, on the brief), for defendant-appellant.

Before LUMBARD, HAYS and MANSFIELD, Circuit Judges.

LUMBARD, Circuit Judge:

Federal Commerce and Navigation Company Limited (Federal) and Kanematsu-Gosho, Ltd. (Kanematsu) have brought cross-appeals from Judge Metzner's decision in the Southern District denying their cross-motions to modify an arbitration award on the grounds that the award exceeded the scope of the submission agreement. We affirm.

Federal, which charters ocean-going vessels, and Kanematsu, an importer of grain to Japan, executed a master charter on June 8, 1970 for the shipment of nine cargoes of grain products from the United States to Japan. The master charter provided that the first shipment was to be made between October 16 and December 15, 1970 and thereafter one shipment would be made in each quarter of 1971 and 1972 at intervals not shorter than 50 days nor longer than 100 days. The charter further provided, "should any dispute arise between [Federal] and [Kanematsu], the matter in dispute shall be referred to the [arbitrators] . . . their decision . . . shall be final, and . . . may be made a rule of court."

After the master charter had been agreed upon, an individual charter agreement covering the first of the nine shipments was executed. This agreement provided that if Federal did not provide a vessel for the first shipment by December 15, 1970, Kanematsu had the option to cancel this voyage without penalty.

Federal designated the *Martha Envoy* to carry the first shipment, but the vessel did not arrive in port by December 15 and this voyage was eventually cancelled by Kanematsu.

Federal nominated the *Rolwi* on December 29 to perform the second char-

ter, but Kanematsu refused to accept the *Rolwi* on the ground that the 50-day provision had not been met.

Federal then demanded arbitration over the refusal of the *Rolwi* and, on January 28, 1971 a panel of three arbitrators met. At the hearing Kanematsu's attorney indicated that he was prepared to arbitrate the validity of the entire master charter. Federal's attorney argued that the arbitration should be limited to the dispute regarding the refusal of the *Rolwi* and Federal sought an order to this effect in the Southern District. On March 2, 1971, Judge Frankel ordered "that either party may arbitrate all claims under the Master Charter," but by agreement of the parties, the pending arbitration was withdrawn.

Federal and Kanematsu then agreed, on April 8, 1971, to arbitrate

> "certain disputes [which] have arisen under the charter party, to wit:
>
> *Charterer's* [Kanematsu] *Claims*
>
> Charterer claims that the master charter dated June 8, 1970 is void by reason of various actions taken by Owner [Federal].
>
> *Owner's Claims*
>
> Owner claims that the master charter dated June 8, 1970 is a valid, existing agreement which has not been voided by any action taken by the Owner."

Hearings were held by the arbitrators and, on April 28, 1971, an award issued. The award provided, "The first two cargoes and vessels under the Master Charter Party Contract are considered cancelled without penalty to either party; and the remainder of the Master Charter Party as written is valid and must be performed by both parties commencing during the third cargo period."

Federal moved to amend the award, arguing that the arbitrators did not have the power to decide the validity of the individual charters, but could only consider the master charter *in toto*. Kanematsu moved to strike certain references in the arbitrators' decision which were not contained in the award.

Judge Metzner denied both motions, holding that the arbitrators had the power to find the charter valid in part as they did and that the extraneous references were non-prejudicial and not contained in the award so that the court did not have the power to excise them. We agree.

An arbitrator is entitled to pass on every question of law or fact necessary to the disposition of the issue submitted to him. Here the arbitrators determined that the validity of the master charter was affected by the status of the first two individual charters. At the very least, this determination was not in "manifest disregard," Wilko v. Swan, 346 U.S. 427, 436, 74 S.Ct. 182, 98 L.Ed. 168 (1953), of common sense or the law of contracts.

Federal asserts, however, that the arbitrators had exceeded the bounds of the submission agreement by passing on the validity of the individual contracts. But this judgment presupposes a rule of law—that the validity of the master charter depended only on whether the delay in furnishing the first ship was a substantial breach of the contract. It is not the function of a reviewing court, in the guise of interpreting the scope of the submission agreement, to substitute its judgment on the law for what the arbitrators thought with good reason to be relevant. Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir.), cert. denied, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960); *cf.* 9 U.S.C. § 10. Moreover, Federal certainly was on notice that if the arbitrators held the master charter invalid, they would necessarily be ruling in favor of Kanematsu as to the individual charters.

Overly technical judicial review of arbitration awards would frustrate the basic purposes of arbitration: to resolve disputes speedily and to avoid the expense and delay of extended court proceedings. Saxis S.S. Co. v. Multifacs

International Traders, Inc., 375 F.2d 577, 582 (2d Cir. 1967). Moreover, judicial intervention into arbitration substitutes the rule of a court for that of "men familiar with the practical intricacies of their type of relationship and disposed to give weight to nonlegal factors like business ethics." Note, Judicial Review of Arbitration Award on the Merits, 63 Harv.L.Rev. 681, 681 (1950). Thus, it has long been the rule to resolve any doubt as to the submission agreement in favor of coverage. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Burchell v. Marsh, 58 U.S. [17 How.] 344, 350, 15 L.Ed. 96 (1854); Humble Oil & Refining Co. v. Local 866, Teamsters, 447 F.2d 229, 232 (2d Cir. 1971); N.L.R.B. v. Horn & Hardart Co., 439 F.2d 674, 678 (2d Cir. 1971); Butler Products Co. v. Unistrut Corp., 367 F.2d 733, 736 (7th Cir. 1966). Here the arbitrators' answer to the question of the status of the master charter was a practical, common-sense one—the charter was in part valid and in part invalid. To modify the award as suggested by Federal would be to hold that the arbitrators had only an all-or-nothing choice, and would deny the power of the arbitrators to compromise the dispute in a manner which to them seemed appropriate and fair, as their knowledge of commercial practices qualified them to do.

The references in the arbitrators' decision to which Kanematsu took exception were harmless and, not being in the award are not subject to modification by this court.

Affirmed.

HAYS, Circuit Judge (dissenting):

The award of an arbitrator is enforceable by a federal court only to the extent that he decides questions which the parties have submitted to him for arbitration. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 598, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The parties are not bound by an award which exceeds the scope of the submission and, under 9 U.S.C. § 11(b) (1970), may secure an order modifying the award by striking references to issues the arbitrator had no authority to decide. Orion Shipping & Trading Co. v. Eastern States Petroleum Corp., 312 F.2d 299 (2d Cir. 1963); Kansas City Luggage & Novelty Workers Union, Local No. 66 v. Neevel Luggage Mfg. Co., 325 F.2d 992 (8th Cir. 1964); Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Co., 330 F.2d 562 (8th Cir. 1964). See also Carey v. General Electric Co., 315 F.2d 499, 508 (2d Cir. 1963), cert. denied, 377 U.S. 908, 84 S.Ct. 1162, 12 L.Ed.2d 179 (1964); Communications Workers of America v. New York Telephone Co., 327 F.2d 94, 96 (2d Cir. 1964); Local Union No. 787, Int'l Union of Electrical Radio and Machine Workers v. Collins Radio Co., 317 F.2d 214, 216 (5th Cir. 1963).

In the present case the submission agreement is unambiguous. The parties had disagreed at the initial arbitration hearing as to the issue to be arbitrated: the validity of the master charter or only the *Rolwi* dispute. Thereafter, the parties agreed that the arbitrators should decide, in light of Federal's actions, whether or not the master charter as a whole was valid. The individual disputes concerning the *Rolwi* and the *Ionian Pioneer* was not submitted to the arbitrators. The fact "that if the arbitrators held the master charter invalid, they would necessarily be ruling in favor of Kanematsu as to the individual charters" is irrelevant. The parties obviously foresaw that possibility when they agreed on the issue to be arbitrated. In view of the unequivocal language of the submission agreement, as well as the facts of the case, "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that" the validity of the individual charters was submitted for arbitration. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 409 (1960). The fact

that the majority believes that the arbitrators' *result* "was a practical, common-sense one" is immaterial to the limited question of whether the award is enforceable.

I would grant the petition for an order striking all reference in the award to the *Rolwi* and the *Ionian Pioneer*, because "the arbitrators . . . awarded upon a matter not submitted to them . . .," 9 U.S.C. § 11(b) (1970). Enterprise Wheel & Car Corp. v. United Steelworkers of America, 269 F.2d 327, 330 (4th Cir. 1959), rev'd on other grounds, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); Moyer v. Van-Dye-Way Corp., 126 F.2d 339, 341 (3rd Cir. 1942); Hyman v. Pottberg's Executors, 101 F.2d 262, 266 (2d Cir. 1939).