LOCAL UNION NO. 2–477, OIL, CHEMICAL AND ATOMIC WORKERS, INTERNATIONAL UNION, Appellee,

v.

CONTINENTAL OIL COMPANY, Appellant.

No. 75–1084.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 3, 1975.

Decided Nov. 7, 1975.

Carl F. Eiberger of Rovira, DeMuth & Eiberger, Denver, Colo. (Russell P. Rowe, Denver, Colo., and William E. Elliott, and Thomas D. Montgomery, Houston, Tex., of counsel, with him on the brief), for appellant.

Jonathan Wilderman, Law Offices of John W. McKendree, Denver, Colo., for appellee.

Before PICKETT, SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

This action is to enforce, pursuant to 29 U.S.C. § 185(a), an arbitration award based on grievances arising under a labor contract in force between the Union and Continental Oil Company. The problem concerns what began as two separate grievances, No. 71–8 dated December 16, 1971, and No. 72–1 dated January 20, 1972; and especially their consolidation by the arbitrator. Both grievances arose from overtime outside of job classifications and required the interpretation of contract provisions. Both raised matters subject to arbitration under the contract.

The contract grievance procedure provided for initial talks about the problem with three stages of management starting with the foreman. If the Union was dissatisfied with the results of these discussions, it could then give notice that it

desired to use the formal arbitration procedure provided separately in the contract. This was the selection of an arbitrator by each of the parties, and if followed by a failure to so resolve the question, resort then would be had to a neutral arbitrator selected by the partial arbitrators from lists provided by the Federal Mediation and Conciliation Service. The matter progressed to the selection of an arbitrator from a Federal Mediation list submitted for No. 71–8, and Professor Joseph Lazar was selected as the neutral arbitrator. No selection was made from the separate list provided for No. 72–1. The contract states in Article V that the "parties" shall "notify" the neutral arbitrator ". . . of the precise issue to be arbitrated." The neutral arbitrator was only to interpret and apply provisions of the labor contract.

The basic issue raised by Conoco in the action to enforce, and on appeal, is whether the two grievances could be consolidated by Professor Lazar for hearing and determination as he did. The consolidation was on the motion of the Union to do so, filed shortly after the submission. This was resisted by the company. A letter was sent to the arbitrator objecting to consolidation, but the company refused to appear at the hearing on the motion. The issue arose also in the trial on the Union's motion for summary judgment. The trial court found for the Union on this issue, and upon others raised by Conoco's motions. Conoco has taken this appeal.

When the stage for arbitration by a single neutral arbitrator was reached under the contract terms, the company representative asked the Federal Mediation Service to provide a list of names from which the neutral arbitrator would be selected. A list was requested for Grievance 71–8 and a separate list for Grievance 72–1. Two separate lists were received in response. The parties then selected a name from the 71–8 list, and this was Professor Lazar. The 72–1 list (Exhibit N) was not used.

Under the contract provisions for arbitration by a single neutral arbitrator, it was the duty of the "parties" to notify the person selected from the Federal Mediation Service list. The provision in part states that when a name is selected: "Thereafter the parties shall notify the arbitrator whose name is not eliminated of the precise issue to be arbitrated and of mutually acceptable dates and places for the holding of the arbitration." This was done by a letter dated August 28, 1972, sent by Mr. C. S. Allen, the Company representative, to Professor Joseph Lazar, with copies to Mr. Steele, the Union representative. This letter referred only to Grievance 71–8, and it read:

"Dear Professor Lazar:

"You have been selected to arbitrate grievance 71–8, a dispute between Continental Oil Company Refinery in Denver and Local 2–477 OCAW International Union which represents the employees. The grievance is concerned with overtime assignment.

"Please advise the parties the dates you are available to hear this grievance. Due to another committment [sic], the week of September 25 would not be acceptable.

"Mr. R. G. Steele, Representative
OCAW XV Local 2–477
6473 Reed Court
Arvada, Colorado 80002

"Mr. C. S. Allen
Continental Oil Company
P. O. Box 2548
Billings, Montana 59103

"C. S. Allen
Director of Personnel Relations
Billings Refinery."

Professor Lazar received the letter, Exhibit P–1, and testified concerning it. He stated that it was a "letter of appointment" requesting him to arbitrate. He stated that he accepted the appointment to arbitrate Grievance 71–8. He was asked whether the hearing date was only for the one grievance, and he answered: "Whatever the grievance was. That was the hearing date I set up. It

was 71–8 as identified." The witness also identified Exhibit P–2 referring to the date for 71–8. Professor Lazar testified that until he received the Union motion to consolidate the two grievances, he did not know of any other grievances that he might be involved with.

The witness, Mr. Steele, who was the Union representative at the preliminary arbitration, testified that the letter to Professor Lazar (Exhibit P–1) referred only to Grievance 71–8 and that he did not know "what happened" to 72–1.

Under the record, the submission was by the letter from Mr. Allen, Exhibit P–1. This was apparently regarded as being in conformity with the contract. Grievance 71–8 had been clearly identified and had been formally filed by the Union and the employee concerned. There is no issue as to the specificity of the reference to the grievance by number.

The record is thus clear that the only list of names used for selection of a neutral arbitrator was that for Grievance 71–8. A name was selected from it, and this person was notified, pursuant to the contract, of his "appointment," and of the issue to be arbitrated—Grievance 71–8. There was no confusion, uncertainty, or dissent evidenced in the record to the steps so taken. The submission, under these circumstances, was of 71–8 and that grievance alone. This was the only one that the arbitrator knew of when he accepted. Grievance 72–1 was not submitted by the parties.

Professor Lazar, after hearing the motion to consolidate, at which hearing the company refused to appear, decided that there had been an agreement to consolidate the two or at least to have them heard together, and he so ordered consolidation. The trial judge however found that there was no binding agreement to have the two grievances heard together arising from the conversations or correspondence. This finding is supported by substantial evidence. The trial court held there was no meeting of the minds, and thus handled the issue as a legal one

to be determined by the procedural-substantive nature of the consolidation issue as presented to the arbitrator. The trial court said: "The arbitrator's decision to consider Grievance 72–1 is questionable." As mentioned, the trial court then considered the procedural versus substantive opinions applicable when a case has been correctly submitted. We must hold that the trial court was in error in so doing.

The trial court also noted that Conoco did nothing to assist the arbitrator in deciding the problem in that it did not appear at the hearing, and did not come forward with facts bearing on the question whether there was an agreement to submit both, nor as to what was actually submitted. We agree that the decision by Conoco not to appear at the arbitrator's hearing on consolidation was indicative of an attitude not to be helpful in resolving the problems. We might add that its refusal to appear in the hearing by the arbitrator on the merits may also be so characterized.

 The trial court in evaluating the issue of consolidation under the procedural-substantive tests was in error because there existed a more fundamental defect. This was a failure to submit Grievance 72–1 to arbitration at all. As demonstrated above, the record is clear that only Grievance 71–8 was submitted for arbitration by the parties, and 72–1 could not be added by a party unilaterally nor by the arbitrator. It was a defect of jurisdictional nature in the arbitrator's authority to consider 72–1. It would seem sufficient in deciding this point to refer to the opinion of this court in *Retail Store Employees Union Local 782 v. Sav-On Groceries,* 508 F.2d 500 (10th Cir.), wherein the arbitrator undertook to decide issues not submitted for arbitration, that is, issues outside the "submission agreement." In the case before us, the arbitrator likewise exceeded his authority in hearing Grievance 72–1 which had not been submitted at all despite the previous consideration of both grievances by the parties in their preliminary attempts to decide the grievances.

The matter thus never reached the stage considered by the Court in *John Wiley & Sons v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898, and related cases.

█ The record is equally clear that 71–8 was properly submitted to the arbitrator, hearings were held, and an award made as to it. There is no defect in this award, under the record before us. If Conoco chose not to attend the hearings on the motion or on the merits, this was their prerogative. No. 71–8 was properly being considered, and the fact that another grievance was also being examined over which the arbitrator had no authority makes no difference. An appearance could properly have been made in all hearings with a reservation of the submission issue as to No. 72–1.

The action of the trial court in enforcing the award of the arbitrator on Grievance 71–8 is affirmed, and his enforcement of Grievance 72–1 is reversed. The case is remanded for such further proceedings as the trial court deems necessary in accordance herewith.