**PIPEFITTERS LOCAL UNION NO. 208, Plaintiff,**

v.

**MECHANICAL CONTRACTORS ASSO-CIATION OF COLORADO, a Colorado Corporation, and Denver Metropolitan Association of Plumbing, Heating, Cooling Contractors, a Colorado Corporation, Defendants.**

Civ. A. No. 79–C–1382.

United States District Court,
D. Colorado.

Feb. 23, 1981.

Donald P. MacDonald and Philip Hornbein, Jr., Hornbein, MacDonald, Fattor & Buckley, Denver, Colo., for plaintiff.

Donald B. Gentry, Grant, McHendrie, Haines & Crouse, P. C., Denver, Colo., for defendants.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

CARRIGAN, District Judge.

The plaintiff, Pipefitters Local Union No. 208 (Local 208), sued the defendants, Mechanical Contractors Association of Colorado (Mechanical) and Metropolitan Association of Plumbing, Heating, Cooling Contractors (Metropolitan), in a dispute over the existence and terms of a collective bargaining agreement. In its Complaint, Local 208 requested modification of an alleged arbitration award and sought a declaratory judgment regarding provisions of the contract. The defendants, by counterclaim, as-

serted that Local 208 is, and has been, violating a properly negotiated and executed agreement.

### I. *Background Facts.*

Local 208 and the defendants were parties to a collective bargaining agreement that expired on April 30, 1979. That contract, while in force, had provided that "[i]f the parties have not reached a new agreement 30 days following the termination date of this agreement, the parties shall forthwith submit all points of dispute to the Industrial Relations Council (IRC)."

The IRC is an eight-member board composed of four management representatives and four union representatives. All eight are chosen at the national level without participation by the local union or management. The IRC's purpose is to help settle disputes over terms of new or successor contracts when employers and unions are unable to reach agreement.

Despite negotiations, Local 208 and the defendants failed to agree on a new contract. The defendants had insisted upon provisions requiring: (1) that Mechanical and Metropolitan contribute 11 cents for each hour worked by each employee to the Piping Industry Progress and Education (P.I.P.E.) fund; and (2) that any dispute regarding terms and provisions of a successor contract be submitted to the IRC.

Clauses such as these had been included in previous contracts.[1] Local 208 opposed their inclusion in the new contract, and maintained that they were permissive rather than mandatory bargaining subjects.[2] Consequently, Local 208 insisted, throughout all stages of the negotiations and proceedings, that it did not have to bargain about these clauses.

Defendants argue that these clauses were discussed in the negotiations, that Local 208 received other concessions in exchange for them, and therefore, that they should be included in the contract. In response, Local 208 contends that it insisted throughout

---

1. Defendants' P.I.P.E. fund proposal for the new contract, however, provided for a one cent per hour worked increase in contributions to the fund.

2. Collective bargaining is *required* only on matters listed in 29 U.S.C. § 158(d).

that these two items were not negotiable. It also argues that its bargaining representatives had no authority to bind it to any contract term without a vote of its members, and that the members never voted to approve these two terms.

In mid-June, 1979, after negotiations broke down, Local 208 and the defendants submitted to the IRC separate lists of outstanding disputed provisions. Local 208's submission included neither the IRC clause nor the P.I.P.E. clause because it insisted that these were nonmandatory bargaining subjects and that the IRC would exceed its authority if it considered them. Defendants submitted a statement to the effect that they considered the contract which expired April 30, 1979, to have been renewed, including its IRC and P.I.P.E. clauses.

The IRC, on its own initiative, assembled a list of twelve disputed items that included the IRC and P.I.P.E. clauses. The IRC unanimously decided that the IRC and P.I.P.E. provisions should be retained in the new contract. Defendants have operated since on the assumption that the disputed clauses are included in a new and valid contract. Meanwhile, Local 208 has proceeded on the belief that the IRC exceeded its authority by including the IRC and P.I.P.E. clauses, and, therefore, its action regarding those clauses was void. Local 208 contends that the parties now have a valid, new contract which does not include those two clauses.

## II. *Jurisdiction.*

■■■ Jurisdiction in this case arises under 29 U.S.C. § 185(a).[3] Ordinarily, a federal district court must decline jurisdiction, in favor of the National Labor Relations Board, if a claim alleges, in essence, an unfair labor practice. *See San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959).

If, however, "the activity in question also constitutes a breach of a collective-bargaining agreement, the Board's authority 'is not exclusive and does not destroy the jurisdiction of the courts....' " *William E. Arnold v. Carpenters District Council of Jacksonville and Vicinity,* 417 U.S. 12, 16, 94 S.Ct. 2069, 2072, 40 L.Ed.2d 620 (1974), quoting *Smith v. Evening News Assn.,* 371 U.S. 195, 197, 83 S.Ct. 267, 268, 9 L.Ed.2d 246 (1962).

■■■ This Court concludes that Local 208 has demonstrated the existence of a collective bargaining agreement and a violation of that agreement by the defendants.[4] Jurisdiction therefore exists under Section 185(a), and this Court may enter a declaratory judgment regarding the disputed terms of the contract. *See Black-Clawson Co., Inc. v. IAM Lodge 355, District 137,* 313 F.2d 179, 181 (2d. Cir. 1962).

## III. *Specific Findings and Conclusions.*

Given the existence of a collective bargaining agreement between these parties, this Court must determine whether the IRC and P.I.P.E. clauses are binding terms of that agreement.

Defendants contend that Local 208, either in face-to-face negotiations with the defendants or as a result of the IRC proceeding, has agreed that both the IRC and P.I.P.E. fund clauses are to be included in the new contract. Local 208, however, consistently and convincingly has denied ever having consented to the inclusion of those provisions in a new contract. This factual issue was hotly contested at the trial and the Court now finds that Local 208's evidence was more credible and persuasive, and thus finds as a fact that neither the P.I.P.E. clause nor the IRC clause is included in the new contract.

---

3. Local 208 seeks a declaratory judgment, which is authorized by 28 U.S.C. § 2201. The Declaratory Judgments Act is merely remedial, however, and an independent basis for jurisdiction must be established. *Fry Brothers Corp. v. Dept. of HUD,* 614 F.2d 732, 733 (10th Cir. 1980).

4. This breached agreement is not the one which expired on April 30, 1979, but is a new contract resulting from the negotiations of the parties and from the portions of the IRC decision which were within its jurisdiction. The defendants have breached this contract by acting as if their proposed new P.I.P.E. and IRC clauses are in effect.

■ Although the defendants elicited testimony from one union official that he thought that he could "sell" these two provisions to Local 208, there was no evidence that Local 208's members ever actually accepted them. In fact the only vote by the union membership on the issues rejected these clauses. The evidence persuades the Court that Local 208 steadfastly and consistently refused to negotiate on these two issues, which it rightly considered to be nonmandatory bargaining subjects,[5] and this Court so finds as a fact.

Despite the union membership's vote rejecting IRC and P.I.P.E., the defendants assert that Local 208 is bound by the IRC's decision. Defendants, in support of their position, contend that the IRC process is a mere extension of collective bargaining rather than interest arbitration. The NLRB has concluded that, at least in some circumstances, the IRC may be considered to function as an additional step in the collective bargaining process and not as a classic arbitration panel. *Mechanical Contractors Assn. of Newburg*, 202 N.L.R.B. 1, 2 (1973).

The Board has observed that the IRC has no neutral or impartial umpire but functions as "a panel composed solely of interested parties in equal number . . ." representing each side. *Id.* While that may be true in other situations, this Court finds as a fact from the disputed evidence that the IRC did not "represent each side" in this dispute. Indeed, when Local 208's representatives sought to present its position on the issues here involved, they were peremp-

torily "put down" and informed that their contentions would not be heard. Clearly there was no "bargaining," collective or otherwise. In fact, the record indicates clearly that the IRC had already decided, before any hearing, the basic issue whether the IRC and P.I.P.E. clauses were properly before it. Thus there was no opportunity for collective bargaining on those issues. Indeed, there was no opportunity for arbitration, or a hearing of any kind on the primary points at issue—whether IRC had jurisdiction over the P.I.P.E. and IRC clauses. Moreover, to allow IRC to perpetuate itself in power over a union contract, by itself deciding its own status would eliminate the freedom of union workers to accept or reject contract terms by vote of the members.

Moreover, the IRC members drawn from labor unions at a national level could not claim to "represent" Local 208's members in "collective bargaining" on whether the IRC's status in the contract should be renewed. As IRC members, their loyalty was owed to IRC on this issue, not to Local 208. The conflict of interest appears obvious. The issue could not be evaded simply by refusing to discuss it, as IRC attempted.

In determining whether a dispute resolution process constitutes arbitration or another tier of collective bargaining, the NLRB "relies on a *factual determination* as to whether the dispute-resolving body acts in an impartial, adjudicative capacity or instead provides an occasion for negotiations on behalf of the respective parties." *NLRB v. Sheet Metal Workers Local 38*, 575

---

5. Industry fund clauses like the P.I.P.E. fund clause at issue are not mandatory bargaining subjects. *NLRB v. Sheet Metal Workers Local 38*, 575 F.2d 394, 397 (2d Cir. 1978); *NLRB v. Local 264, Laborers' Int'l*, 529 F.2d 778, 786 (8th Cir. 1976); *NLRB v. Floor Decorators Local 2265*, 317 F.2d 269, 270 (6th Cir. 1963). This Court is of the opinion, for reasons stated below in the text, that the IRC clause at issue is an interest arbitration clause. As such, it is not a mandatory bargaining subject. *See Milwaukee Newspaper & Graphic Communications Union, Local 23 v. Newspapers, Inc.*, 586 F.2d 19 (7th Cir. 1978), *cert. denied*, 440 U.S. 971, 99 S.Ct. 1534, 59 L.Ed.2d 787 (1979), and cases cited therein, 586 F.2d at 21. Even if the defendants were correct in asserting that the IRC clause merely establishes second-tier collective bargaining, *see Mechanical Contractors Assoc. v. Newburg*, 202 N.L.R.B. 1, 2 (1973), its inclusion still would not be a mandatory bargaining subject since it has only a "speculative and insubstantial" impact on the relationship between the employers and employees. *Allied Chem. & Alkali Workers v. PPG*, 404 U.S. 157, 178–81, 92 S.Ct. 383, 397–99, 30 L.Ed.2d 341 (1971); *NLRB v. Sheet Metal Workers Local 38*, 575 F.2d 394, 397 (2d Cir. 1978). The IRC clause relates primarily to the relationship between the employers and the employees' bargaining representatives, not to the employees themselves.

F.2d 394, 400 (2d Cir. 1978) (emphasis added).

The Court agrees with the Board's criteria set out in *Newburg.* It disagrees, however, with the NLRB's application of those standards to the IRC process. Evidence presented to this Court demonstrates that the IRC receives oral and written argument only on issues *it* predetermines to be the appropriate issues, deliberates in private, and issues a decision in much the same manner as a court. Although IRC members supposedly represent labor and management, the local union and management parties who are actually bargaining have no voice whatever in selecting their purported "representatives." Consequently, the Court finds as a fact that in this case the IRC operated as a situs for arbitration rather than as an extension of the negotiation process.

 "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed ... to submit." *Steelworkers v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960); *Local 2-477, Oil, Chemical and Atomic Workers v. Continental Oil Co.*, 524 F.2d 1048, 1050 (10th Cir. 1975), *cert. denied*, 425 U.S. 936, 96 S.Ct. 1668, 48 L.Ed.2d 177 (1976); *Retail Store Employees Local 782 v. Sav-on Groceries*, 508 F.2d 500, 502 (10th Cir. 1975). Since Local 208 consistently has refused to negotiate or submit to arbitration the IRC and P.I.P.E. clauses, and since those provisions were nonmandatory bargaining items, the IRC exceeded its authority by including them in its deliberations and in the parties' contract. *See Milwaukee Newspaper & Graphic Communications Union, Local 23 v. Newspapers, Inc.*, 586 F.2d 19, 21 (7th Cir. 1978), *cert. denied*, 440 U.S. 971, 99 S.Ct. 1534, 59 L.Ed.2d 787 (1979).

Consequently, the IRC and P.I.P.E. clauses are not part of the present collective bargaining agreement, which consists only of those terms and provisions agreed upon by the parties and properly dealt with by the IRC acting within its jurisdiction.

Accordingly,

IT IS ORDERED that the Clerk of this Court enter judgment for the plaintiff and against the defendants. The plaintiff is entitled to its costs.

IT IS FURTHER ORDERED that a collective bargaining agreement exists between the plaintiff and the defendants.

IT IS FURTHER ORDERED that this collective bargaining agreement does not include terms requiring contributions by the defendants to the P.I.P.E. fund or requiring submission of disputed terms to the IRC.