## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## GREENSBORO PRINTING PRESSMEN AND ASSISTANTS' UNION NO. 319, Respondent.

### No. 76–1414.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1976.

Decided Feb. 10, 1977.

Alan Banov, Atty., N. L. R. B., Washington, D.C. (John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, Paul J. Spielberg, Atty., N. L. R. B., Washington, D.C., on brief), for petitioner.

John S. McLellan, Jr., Washington, D.C., for respondent.

Before HAYNSWORTH, Chief Judge, RUSSELL, Circuit Judge, and FIELD, Senior Circuit Judge.

### PER CURIAM:

Pursuant to Section 10(e) of the National Labor Relations Act,[1] the National Labor Relations Board has applied for enforcement of its order[2] against Greensboro Printing Pressmen and Assistants' Union No. 319 directing the Union to cease refusing to bargain collectively with the employer, The Greensboro News Company, by insisting to impasse upon the inclusion in a new collective bargaining agreement of an "interest arbitration" clause.[3]

The Union and the company have maintained contract relations for some thirty years, and over that period each successive collective bargaining agreement has included an "interest arbitration" clause. However, in their most recent negotiations, the company objected to the inclusion of the clause in the new contract. Extensive negotiations proved fruitless, and the Union requested that the dispute be settled through arbitration. When attempts to arbitrate failed and it became apparent that the Union was unwilling to recede from its position, the company filed unfair labor charges, alleging that the Union's conduct violated Section 8(b)(3) of the Act. A majority of the Board agreed with the Administrative Law Judge that the Union's adamant insistence upon an "interest arbitra-

---

1. 29 U.S.C. §§ 151–168.

2. Reported at 222 NLRB No. 144 (1976).

3. An "interest arbitration" clause, at times referred to as a "terminal arbitration" or "contract arbitration" clause, requires the parties to submit disputes over new contract terms and proposals to final and binding arbitration.

tion" clause violated Section 8(b)(3), and that its conduct which negated any intention of reaching an agreement constituted a further violation of that Section.

The Fifth Circuit had occasion to consider this question in the recent case of *N.L.R.B. v. Columbus Printing Pressmen, etc.,* 543 F.2d 1161 (1976), and in enforcing the Board's order held "that such a clause is not a mandatory subject of bargaining, since its effect on terms and conditions of employment during the contract period is at best remote. Therefore the Board correctly determined that a union's insistence to impasse on such a clause constitutes a refusal to bargain under section 8(b)(3) of the Act." *Id.,* at 1166, 67.

We agree with the conclusion reached by the Fifth Circuit[4] and, accordingly, order enforcement.

*ORDER ENFORCED.*

4. In *Columbus Printing* the Board took the position that in actions brought under Section 301 of the Act, 29 U.S.C. § 185, such clauses are enforceable with respect to disputes over mandatory subjects of bargaining, but inferred that they were not so enforceable when the dispute involves non-mandatory matters. The Fifth Circuit found it unnecessary to "make such a wholesale determination", 543 F.2d at 1169, in reaching its decision in that case. *See Winston-Salem Printing Press. & A.U. v. Piedmont Pub. Co.,* 393 F.2d 221 (4 Cir. 1968), in which we held that such a clause was enforceable in a Section 301 suit where the dispute involved a mandatory subject.