**MILWAUKEE NEWSPAPER & GRAPHIC COMMUNICATIONS UNION LOCAL NO. 23, Plaintiff-Appellant,**

v.

**NEWSPAPERS, INC., Defendant-Appellee.**

**No. 78–1286.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 4, 1978.

Decided Oct. 26, 1978.

Daniel L. Shneidman, Milwaukee, Wis., for plaintiff-appellant.

David W. Croysdale, Foley & Lardner, Milwaukee, Wis., for defendant-appellee.

Before SWYGERT, SPRECHER and TONE, Circuit Judges.

PER CURIAM.

■ The sole issue in this appeal is whether a party to a collective bargaining contract containing an interest arbitration clause, *i. e.*, a clause requiring disagreements arising in negotiations for a new contract to be submitted to arbitration, is entitled to require the submission to arbitration of the unresolved issue of the inclusion of a similar interest arbitration clause in a new collective bargaining contract. On motion of the appellee and after considering the record and the briefs, we affirm without oral argument pursuant to our Circuit Rule 15, answering the question in the negative.

Newspapers, Inc. and the Milwaukee Newspaper & Graphic Communications Union Local No. 23 are parties to a collective bargaining agreement which according to its terms expired in 1976 but which continues to control by agreement of the parties until a new agreement is reached. The contract contains an interest arbitration clause whereby "all questions . . . including disagreements arising in negotiations with respect to a new contract . ." are to be referred to arbitration. After negotiation between the company and the union had failed to produce a new contract, the union invoked the interest arbitration procedure regarding all unresolved issues. The company refused to submit certain unresolved issues to the arbitrator, including whether an interest arbitration clause should be included in the new contract.

The union commenced this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1947),[1] seeking to compel the company to refer the unresolved issues to arbitration. Upon the

---

1. Section 8(b)(3) provides in pertinent part that it is an unfair labor practice for a union "to refuse to bargain collectively with an employer." Section 8(d) provides that:

 to bargain collectively is the performance of the mutual obligation of the employer and the representative of the employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement . . . and the execution of a written contract incorporating any agreement reached if requested by either party.

company's motion to dismiss and the union's cross-motion for summary judgment, the court entered a judgment requiring the company to submit to interest arbitration all disagreements over the terms of the new contract except the issue of whether the new contract should include an interest arbitration clause. The union appeals. We affirm.

Four circuits have recently affirmed the National Labor Relations Board's finding that it is an unfair labor practice in violation of Section 8(b)(3) of the National Labor Relations Act[2] for a union to insist to an impasse on the inclusion of an interest arbitration clause in a new contract. *N.L.R.B. v. Sheet Metal Workers International Association, Local Union No. 38,* 575 F.2d 394 (2nd Cir. 1978), *enforcing* —— NLRB —— (1977); *N.L.R.B. v. Massachusetts Nurses Association* 557 F.2d 894 (1st Cir. 1977), *enforcing* 225 NLRB 678 (1976); *N.L.R.B. v. Greensboro Printing Pressmen Union No. 319,* 549 F.2d 308 (4th Cir. 1977), *enforcing* 222 NLRB 893 (1976); *N.L.R.B. v. Columbus Printing Pressmen & Assistants' Union No. 252,* 543 F.2d 1161 (5th Cir. 1976), *enforcing* 219 NLRB 268 (1975). The rationale of these cases and underlying Board decisions is that an interest arbitration clause is a nonmandatory subject of bargaining and therefore insisting to impasse on the inclusion of such a clause in a contract is a refusal to bargain under Section 8(b)(3). The policy behind this rule is aptly stated in *Columbus Printing Pressmen & Assistants' Union:*

> There are several important reasons why a new contract arbitration clause should not be enforceable to perpetrate the inclusion of the clause in successive bargaining agreements. The contract arbitration bargaining system could be self-perpetrating: a party, having agreed to the provision, may find itself locked into that procedure for as long as the bargaining relationship endures. . . . Par-

ties may justly fear that the tendency of arbitrators would be to continue including the clause, for that is exactly what happened in this case. . . . the perpetration of contract arbitration clauses in successive contracts may well serve to increase industrial unrest. Under contact arbitration an outsider imposes contract terms . . .. In these circumstances, a disappointed party can readily believe that the arbitrator lacked appreciation of its needs . . .. The likelihood that one party will feel aggrieved by a contract arbitration award increases as parties move from contract to contract.

543 F.2d at 1169–70.

The union argues that the cited cases are distinguishable because each involved, not an action under § 301 to enforce a contract provision, but a review of a Board order. In each of the four cited cases there was a prior Board decision holding that an attempt to invoke an interest arbitration clause to obtain a similar clause in a new contract was a refusal to bargain under Section 8(b)(3), while in the present case there has been no prior Board determination of liability. Thus, the union argues that under the preemption doctrine most recently reaffirmed in *Sears, Roebuck & Co. v. San Diego County District Council of Carpenters,* 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978), the district court did not have jurisdiction to determine whether enforcement under Section 301 would violate Section 8(b)(3). In addition, the union argues that it would not be an unfair labor practice for it to insist to impasse on the point in question and that the national policy favoring arbitration supports its position.

■ It is true that the question of whether or not an attempt to invoke the arbitration procedure in order to obtain a similar interest arbitration clause is a refusal to bargain is a matter within the expertise

**2.** Section 301(a), 29 U.S.C. § 185(a) provides: Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

and jurisdiction of the Board. Nonetheless, the district court did have jurisdiction to resolve the Section 301 suit. *Arnold Co. v. Carpenters District Council,* 417 U.S. 12, 15–16, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974); *Smith v. Evening News Association,* 371 U.S. 195, 198, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

 Even though the Board has not ruled on the specific facts before us, those facts are governed by a well-established Board doctrine, and it cannot be plausibly argued that the doctrine is inapplicable. We owe great deference to the Board's determination in this area. *See Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 182, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971). The Board's policy as reflected in the four cited unfair labor practice cases from other circuits should not be flouted by a court in a Section 301 enforcement action.

The judgment of the district court is affirmed.