**SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 252, Petitioner-Appellee,**

v.

**STANDARD SHEET METAL, INC., Respondent-Appellant.**

No. 82–4359.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1983.

Decided Feb. 15, 1983.

482

Spencer H. Hipp, Michael J. Hogan, Littler, Mendelson, Fastiff & Tichy, Fresno, Cal., for respondent-appellant.

David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for petitioner-appellee.

Before DUNIWAY, WRIGHT, and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Standard Sheet Metal (Standard) appeals from an award of the National Joint Adjustment Board (Joint Board) which imposed upon Standard an agreement used generally in the sheet metal industry. We confirm the award because Standard never moved to vacate the award and we may not consider the defenses raised.

## FACTS

On June 30, 1981, the contract between Local 252 of the Sheet Metal Workers' International Association (the Union) and the Sheet Metal and Air Conditioning Contractors' Association of Central California expired. Before the contract term ended, Standard withdrew from the contractors' association and commenced separate bargaining with the union. Negotiations continued until mid-October of 1981.

According to Standard, the sole issue dividing the parties was whether to include an "interest arbitration" clause in the new agreement.[1] It would allow either party to declare a deadlock in collective bargaining and submit the dispute for arbitration to the Joint Board, a panel of members of the metal workers union and the National Association of Sheet Metal and Air Conditioning Contractors.

Pursuant to the interest arbitration clause in the expired agreement, the Union declared a deadlock and submitted the matter to the Joint Board. Standard informed that board that it did not consider itself bound by any board decision, and Standard refused to appear before the board. The Joint Board's decision reimposed the standard contract, including the interest arbitration provision.

Standard filed unfair labor practice charges with the National Labor Relations Board, but did not move to vacate the Joint Board's award. The union petitioned the district court to confirm the award, which it did.

After that decision, the NLRB Regional Director declined to issue a complaint against the union. Standard has appealed that decision to the Office of the General Counsel of the NLRB, which has not yet ruled.

## ANALYSIS

Policy reasons support enforcement of arbitration awards because they promote the quick and final resolution of labor disputes. *Service Employees International Union, Local 36 v. Office Center Services,* 670 F.2d 404, 409 (3d Cir.1982). Ordinarily, a party opposing an arbitration award must move to vacate the award or be barred from further legal action. *Local 1020, United Brotherhood of Carpenters and Joiners v. FMC Corp.,* 658 F.2d 1285, 1288–1292 (9th Cir.1981).

---

1. Interest arbitration clauses provide for arbitration of new collective bargaining agreements. Grievance arbitration clauses provide for arbitration of disputes arising from an operating collective bargaining agreement. The disputed clause here was Article X, Section 8, of the standard agreement used by the Sheet Metal Workers' International Association and the Sheet Metal and Air Conditioning Contractors' National Association.

Although this circuit has not ruled that failure to move to vacate bars all defenses to arbitration awards, other circuits have so held. *Office Center Services,* 670 F.2d at 412; *Chauffeurs, Local 135 v. Jefferson Trucking Co.,* 628 F.2d 1023 (7th Cir.1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). The Seventh Circuit explained in *Jefferson Trucking* that statutes of limitations apply to defenses as well as suits because arbitration awards are themselves the creatures of statute. The common law exception by which limitation periods do not apply to defenses does not control. *Id.* at 1027.

■ Standard admits that it failed to move to vacate and it has not disputed that the statute of limitations for vacating the award has run.[2] We accept the rule in the Third and Seventh Circuits and hold that the statute of limitations bars Standard's defenses.

Despite the weakness of its procedural position, Standard suggests that the court may not confirm the award. It argues that the court must determine "arbitrability" in the first instance and that the award does not stem from an arbitrable issue.

■ While arbitrability is a matter for the courts to determine, *see Alpha Beta Co. v. Retail Store Employees Union, Local 428,* 671 F.2d 1247, 1250 (9th Cir.1982), arbitrability may not be questioned here. Our sole task is to determine whether the parties agreed to arbitrate the subject in dispute. *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). Here, Standard does not dispute that the contract contemplates arbitration of a new collective bargaining agreement.

■ It contends that we should refuse to act because of potential conflict with a pending NLRB decision. The mere possibility of a conflict is no barrier to enforcement of the award. *Orange Belt District Council of Painters, No. 48 v. Maloney Specialties, Inc.,* 639 F.2d 487, 490 (9th Cir.1980).

■ Nor did Standard's pending charge before the NLRB require stay or dismissal of the enforcement suit. When a labor dispute concerns both a breach of an agreement and an unfair labor practice charge, the NLRB and the courts have concurrent jurisdiction. The district court need not have dismissed the case merely because charges were pending before the NLRB. *Northern California District Council of Hod Carriers v. Opinski,* 673 F.2d 1074, 1075–76 (9th Cir.1982).

■ The decision to stay proceedings is committed to the discretion of the district court. *Orange Belt District Council of Painters,* 639 F.2d at 490. We see no abuse of discretion where, as here, Standard failed to protect itself by moving to vacate the award.

Standard argues that *Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982), allows this court to examine the substance of the contract to determine enforceability. The Court ruled there that courts must not enforce labor contracts that are illegal. Because Section 8(e) of the National Labor Relations Act specifically prohibits enforcement of hot cargo clauses, 29 U.S.C. § 158(e) (1973), the Court refused to enforce the contract in dispute. *Id.* at 84, 102 S.Ct. at 859.

Standard argues that this contract is illegal and unenforceable because it contains an interest arbitration clause. Unlike hot cargo clauses, such clauses have been upheld. *See, e.g., Chattanooga Mailers Union, Local 92 v. Chattanooga News—Free Press,* 524 F.2d 1305 (6th Cir.1975); *Winston-Salem Printing Pressmen and Assistants' Union, Local 318 v. Piedmont Publishing Co.,* 393 F.2d 221 (4th Cir.1968).

■ Standard really wants this court to determine that the union committed an unfair labor practice by bargaining to impasse over the interest arbitration clause. If the union has done so, it may well have committed an unfair labor practice. Inter-

---

**2.** State statutes of limitations for arbitration awards apply in labor cases. *Local 1020, United Brotherhood of Carpenters v. FMC Corp.,* 658 F.2d 1285, 1289–92 (9th Cir.1981). The applicable period expired well before Standard took legal action.

est arbitration clauses are nonmandatory subjects of bargaining, *Columbus Printing Pressmen's & Assistants Union No. 252,* 219 N.L.R.B. 268 (1975), and it is an unfair labor practice to bargain to impasse over a nonmandatory subject. *NLRB v. Borg-Warner Corp.,* 356 U.S. 342, 349, 78 S.Ct. 718, 722, 2 L.Ed.2d 823 (1958).[3]

We do not read *Kaiser Steel* as allowing this court to invade at will the province of the NLRB. Unfair labor practices remain within its primary jurisdiction. *Kaiser Steel,* 455 U.S. at 83, 102 S.Ct. at 859. Unlike its treatment of hot cargo clauses, the National Labor Relations Act does not declare interest arbitration clauses unenforceable. We see no bar to our enforcement of the contract here.

Standard has not successfully challenged the ability of this court to enforce the arbitration award. Standard's other defenses are barred by its failure to move to vacate the award.

AFFIRMED.

---

3. Other locals of the sheet metal workers have pursued similar tactics and have been reprimanded. *See Mobile Mechanical Contractors Association v. Carlough,* 664 F.2d 481 (5th Cir. 1981), *cert. denied,* 456 U.S. 975, 102 S.Ct. 2240, 72 L.Ed.2d 850 (1982); *NLRB v. Sheet Metal Workers' International Association, Local 38,* 575 F.2d 394 (2d Cir.1978); *Sheet Metal Workers' International Association # 59,* 227 N.L.R.B. 520 (1976).