**1476**

In *Hotel & Restaurant Employees, and Bartenders Union, Local 703 v. Williams,* 752 F.2d 1476 (9th Cir.1985), decided today, we held an interest arbitration clause can survive the expiration of a collective bargaining agreement. We adopt the reasoning in *Williams* and hold that Article X, Section 8 survived the expiration of the contract and required Huggins to arbitrate the terms and conditions of an extended contract after the parties reached an impasse.

**HOTEL & RESTAURANT EMPLOYEES, AND BARTENDERS UNION, LOCAL 703, Petitioner-Appellee,**

v.

**Merrill M. WILLIAMS; Boy's Restaurant, Inc.; Girl's Restaurant, Inc.; Jumbo's, Inc. dba Farm Boy Restaurant; and Farm Boy Restaurants Nos. 2 & 3, Respondents-Appellants.**

No. 84–5633.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 6, 1984.

Decided Feb. 6, 1985.

Herbert M. Ansell, Levy, Ansell & Goldman, Los Angeles, Cal., for petitioner-appellee.

Wilson Clark, Marina Del Rey, Cal., for respondents-appellants.

Before CHAMBERS and NORRIS, Circuit Judges, and SOLOMON,* District Judge.

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

SOLOMON, District Judge:

*Introduction*

Appellee, Hotel & Restaurant Employees and Bartenders Union, Local 703 (Union), filed this action against appellant, a group of five businesses under common ownership (Employers). The Union sought to compel arbitration under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185. The district court held that the parties were compelled to arbitrate the wage and fringe benefit issues on which they had reached an impasse in their negotiations. The Employers appealed.

*Facts*

The Employers entered into a collective bargaining agreement with the Union for the period April 1, 1975 to March 30, 1980. Article XI of this collective bargaining agreement contains an arbitration clause which provides:

> In the event that the parties are unable to reach agreement on a new or revised schedule of wages and/or fringe benefits, there shall be no strike by the union or lockout by the employer. Any deadlock in negotiations over new or revised wages and/or fringe benefit contributions shall be resolved by arbitration in accordance with this article.

Before the March 31, 1980 expiration date, the parties began to negotiate a new agreement. A dispute arose between the parties, and the Union filed charges with the National Labor Relations Board (NLRB). The Union alleged that the Employers refused to bargain collectively under sections 8(a)(1) and (5) of the Labor Management Relations Act, 29 U.S.C. § 158(a)(1) and (5). In June, 1982, an Administrative Law Judge (ALJ) ordered the Employers to bargain in good faith. The NLRB affirmed the ALJ's decision and applied to this court for the enforcement of its order. The NLRB has since decided to reconsider its decision.

The parties resumed negotiations in late 1982. The Employers tendered their last offer on January 25, 1983, which the Union rejected. In May, 1983, the Employers informed the Union that an impasse had been reached and that the Employers would unilaterally adopt the contract terms in their last offer.

The Union demanded arbitration under Article XI on (1) a revised wage schedule, and (2) contributions to the health and welfare plan. The Employers refused to arbitrate, and the Union filed an action to compel arbitration in the district court under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

The district court held that the arbitration clause was enforceable. The court based its holding on the national policy favoring arbitration that is expressed in *Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionery Workers Union,* 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). It also concluded that this action was timely brought. The Employers appeal.

On appeal, the Employers argue that (1) the district court did not have jurisdiction to compel arbitration; and (2) even if the court had jurisdiction, the contract had expired and the arbitration clause is no longer enforceable.

## Discussion

### I. *Jurisdiction*

■ Section 301(a) of the Labor Management Relations Act (Act), 29 U.S.C. § 185, grants a district court jurisdiction to compel arbitration under a collective bargaining agreement. The court must determine if the parties agreed to arbitrate the issue in dispute. *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960).

The Employers contend that the district court lacked jurisdiction because the NLRB has exclusive jurisdiction under section 8(a) of the Act, 29 U.S.C. § 158(a). Section 8(a) gives the NLRB jurisdiction to require that an employer maintain the *status quo ante* while bargaining for a new contract. The Union is not seeking to compel the Employers to maintain the *status quo ante* or to agree to a new interest arbitration clause.[1] It is merely requesting that the court order the Employers to comply with the specific terms of Article XI.

■ The district court had jurisdiction to determine if Article XI remained in effect after March 31, 1980 and, if it did, to compel arbitration. *See Sheet Metal Workers' International Association, Local No. 252 v. Standard Sheet Metal, Inc.,* 699 F.2d 481, 483 (9th Cir.1983). (*Sheet Metal*)

■ The Employers also contend that the district court lacks jurisdiction because an unfair labor practice may have been committed. This is an incorrect statement of the law. When a labor dispute involves both a breach of contract and an unfair labor practice charge, the NLRB and the courts have concurrent jurisdiction. *Sheet Metal,* 699 F.2d at 483.

We hold that the district court had jurisdiction to determine the enforceability of this interest arbitration clause.

### II. *Interest Arbitration Clause*

■ In *Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionery Workers Union,* 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), the Supreme Court held that a dispute over severance pay under an expired collective bargaining agreement was arbitrable even though both the dispute and the request for arbitration arose after the contract had been terminated. The Court reasoned that the parties had agreed to arbitrate all disputes which arose out of the contractual relationship, and that enforcement of the clause would promote the strong national policy favoring arbitration of labor disputes. Furthermore, the Court held that "the presumptions favoring

---

1. An interest arbitration clause provides for arbitration of a new collective bargaining agreement. A grievance or rights arbitration clause provides for arbitration of disputes arising from an existing collective bargaining agreement. Article XI is an interest arbitration clause.

arbitrability must be negated expressly or by clear implication." *Nolde,* 430 U.S. at 255, 97 S.Ct. at 1074.

Although the arbitration clause in *Nolde* was a rights or grievance arbitration clause, the Court's rationale applies with equal force to interest arbitration clauses. For us to rule otherwise would severely limit the usefulness of an interest arbitration clause because negotiations for a new contract often become deadlocked after the expiration date of the contract has passed. To hold that all rights under Article XI terminated at the contract's expiration date would effectively invalidate the entire provision and would be inconsistent with the clear and unambiguous language of that article.

■ The Employers contend that the post-contract enforcement of the interest arbitration provision will bind them to successive contracts containing the same provision. This contention has no merit. Article XI provides for arbitration on only two issues: wages and fringe benefits. Even if Article XI had provided otherwise, the provision would be invalid because arbitration can only be required for mandatory bargaining subjects, and an interest arbitration clause is a non-mandatory subject. In addition, a Union's insistence on the inclusion of a mandatory arbitration clause in a successor contract without the consent of the employer would constitute a refusal to bargain in good faith. *Sheet Metal Workers' International Association, Local 14 v. Aldrich Air Conditioning, Inc.,* 717 F.2d 456, 458–59 (8th Cir.1983). An arbitration panel cannot make Article XI self-perpetuating by including an interest arbitration clause in the new contract.

■ There is no merit in the contention that the Union unreasonably delayed its request for arbitration. The agreement provides that arbitration is available only when there is a deadlock over wages and fringe benefit contributions. Although more than three years elapsed between the expiration date of the contract and the date upon which the Union filed its action to compel arbitration, the Union filed the ac-

tion less than three months after the employer asserted that the negotiations were deadlocked. In addition, the parties began to negotiate before the contract expired and continued to negotiate until the impasse was reached. The Union did not unreasonably delay its demand for arbitration.

Article XI specifically provides for the type of arbitration ordered by the district court. We therefore hold the interest arbitration clause survived the expiration of the contract, and the Union's demand for arbitration was timely.

The district court's order compelling arbitration is AFFIRMED.

CHAMBERS, Circuit Judge, concurring in part and dissenting in part:

I reluctantly concur in the result reached by the majority. I do this not because I think that *Nolde* answers the question put to us, but because of precedent from this circuit which I feel compelled to follow, *Sheet Metal Workers Int'l Ass'n, Local 253 v. Standard Sheet Metal, Inc.,* 699 F.2d 481 (9th Cir.1983), enforcing an interest arbitration clause despite many of the self-perpetuation arguments that we have heard here.

I dissent from the majority's speculation that there is no danger from the interest arbitration clause becoming self-perpetuating, and from its reliance on *Sheet Metal Workers Int'l Ass'n etc. v. Aldrich Air Conditioning, Inc.,* 717 F.2d 456, 459 (8th Cir.1983), which came to its optimistic conclusion in this regard only by finding "not persuasive" this circuit's precedent in *Standard Sheet Metal, Inc.* The employer's concerns about the clause strike me as far more substantial than the majority is willing to admit.