**BALLY MANUFACTURING CORP., Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 713, Now known as Local Union No. 134, Defendant.**

Nos. 83 C 8863, 83 C 8905.

United States District Court,
N.D. Illinois, E.D.

March 12, 1985.

Ralph A. Morris, Janice K. Hartwell, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

Joel A. D'Alba, Asher, Pavalon, Gittler & Greenfield, Ltd., Chicago, Ill., for defendant.

*Memorandum Opinion and Order*

NORDBERG, District Judge.

This matter is before the court on cross-motions for summary judgment. For the reasons hereinafter stated, the employer's motion for summary judgment is granted and the union's motion for summary judgment is denied. The sole issue is whether a particular dispute is arbitrable under the provisions of a collective bargaining agreement ("Agreement") between Bally Manufacturing Company ("Company") and the

International Brotherhood of Electrical Workers ("Union"). The pertinent provisions of the Agreement provide:

## ARTICLE XIV—METHOD OF NEGOTIATION

SECTION 14.1.: The COMPANY and the UNION agree to meet and deal with each other through their duly accredited officers and committees on matters relating to hours, wages and other definite conditions of employment of the employees of the COMPANY covered in this Agreement.

Should any differences arise between the parties hereto concerning the interpretation or application of this Agreement, the COMPANY'S representative and the Business Manager of the UNION, (or someone appointed by the Business Manager to represent him), shall meet and endeavor to settle such differences. Either of the parties hereto may request arbitration with respect to matters of mutual concern and interest, regarding proposed changes in or amendment to this agreement.

In case of failure to agree, the matter in dispute shall be submitted at the request of either party to an Arbitration Board to be selected in a manner as specified in Article V, beginning with Step 4.

\*      \*      \*      \*      \*      \*

## ARTICLE XV—TERM OF AGREEMENT

This Agreement and the provisions thereof, when signed by the authorized representatives of the COMPANY and the UNION, shall become effective on the first day of December, 1981, and remain in effect through the last day of November, 1983, and shall continue in full force and effect from year to year thereafter unless written notice is given by either party to the other on or before sixty (60) days prior to the annual termination date requesting that the Agreement be amended or cancelled.

Against the background of these contractual provisions, the following chronology of events ensued.

On September 22, 1983, the Union notified the Company that it desired to open the Agreement for amendment. (See Attachment B to Company's Complaint). On September 30, 1983, the Company notified the Union of its decision to terminate the Agreement as of November 30, 1983, pursuant to the 60 day cancellation provision of Article XV. Negotiations continued over a period of several months. However, a new agreement was not reached as of November 30, 1983, the expiration date of the Agreement. The Union then sent a letter to the Company, dated November 30, 1983, demanding arbitration of the terms and conditions of a new agreement, invoking Article XIV of the old Agreement. (See Attachment D to Company's Complaint). On December 2, 1983, the Company informed the Union that the Agreement had expired on November 30, 1983 and that it was under no contractual obligation to proceed to arbitration. (See Attachment E to Company's Complaint).

On December 2, 1983, the Company filed suit in this court, under Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). The Company sought a declaratory judgment and an order staying arbitration of the terms and conditions of a new agreement. (Case No. 83 C 8863). On December 6, 1983, the Union brought a separate action seeking an order compelling the Company to proceed to arbitration. (Case No. 8905). Since the two cases involve the same legal issues and parties, this court found them to be related and now addresses motions for summary judgment filed in each case, which will be treated as cross-motions for summary judgment.

After examining the language of the Agreement, the cases cited by the parties and other applicable law, this court concludes that effect must be given to all provisions of the Agreement and therefore neither the Company nor the Union can be compelled to arbitrate over the terms and

conditions of a new collective bargaining agreement. A similar situation was faced by the court in *M.K.O. Transit Lines, Inc. v. Division Number 892, Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America,* 319 F.2d 488 (10th Cir.), *cert. denied,* 375 U.S. 944, 84 S.Ct. 350, 11 L.Ed.2d 274 (1963). In *M.K.O.,* the contract at issue contained a termination clause, giving either party the right to cancel the contract upon notice given not less than 60 days prior to the expiration of the contract or any renewal of the contract. The contract also provided that all grievances, disputes and differences between the union and the company, including changes, additions, and modifications which could not be resolved by the parties, should be determined by arbitration as therein provided. The union called upon the company to negotiate a new contract, stating:

> In the event that no agreement has been reached by midnight of June 30, 1962, and if arbitration has not been agreed upon this will also serve due notice that the entire contract now if effect is to be terminated as of midnight June 30, 1962.

*Id.* at 489. No agreement was reached. Although the union had previously stated that in such circumstances the agreement would be terminated, the union suddenly demanded arbitration.

The Tenth Circuit found that, although the contract contemplated arbitration of a changed or new agreement during the renewed term, such an option was foreclosed by either party's notice of termination. The court further found that those cases upholding arbitration after notice of termination involved accrued continuing rights under the terminated agreement. The court also supported its decision by looking to elementary contract principles. The court stated:

It is elementary that in construing a contract effect, if possible, should be given to all its terms. A consideration of the entire collective bargaining contract before us lends support to our interpretation of the provisions directly involved. If each part is given effect, the agreement between the parties is reasonable and unified. Within the ninety day period specified either party could give notice of termination, for it was neither agreed nor required that they should be bound to each other in perpetuity or indefinitely solely at the will of future arbitrators. Since there was such notice of termination the contract had come to an end upon the expiration of the old term. To say that the obligation to arbitrate new terms and conditions would continue with the same result as if the contract were not so terminated would be to deny any effect whatever to the right of termination which each party reserved.

*Id.* at 492. The court refused to compel arbitration.

The clear and unambiguous language of the contract in the instant case calls for a similar conclusion. Article XIV describes the "Method of Negotiation," and Article XV, the "Term of Agreement." Neither Article, nor any clause of the Agreement, indicates that the termination clause of Article XV is subsumed or rendered void by the negotiation clause of Article XIV. Thus, as in *M.K.O.,* once the termination provision of Article XV is invoked, any interest arbitration clause of Article XIV is ineffective. Even assuming, as the Union maintains, that the subject of a new agreement may be arbitrable under Article XIV, such a provision was rendered ineffective once the termination provision of Article XV was invoked by the Company in its letter of September 30, 1983.[1]

---

1. The unequivocal language of Article XIV and Article XV distinguishes this case from the recent case of *Hotel & Restaurant Employees and Bartenders Union, Local 703 v. Williams,* 752 F.2d 1476 (9th Cir.1985). In that case the "clear and unambiguous" language of the arbitration article made clear that the arbitration clause remained in effect even after the expiration of the agreement. *Id.* at 1479. In such circumstances the court found that the post-contract arbitration of wage and fringe benefit provisions of a new agreement was proper. *See also Communications Workers, Local 5090 v. Western Electric Co., Inc.,* 751 F.2d 203, 102 Lab.Cas.

Such a result is not only mandated by *M.K.O.*, it is also consistent with the holdings of numerous labor cases addressing "interest arbitration" clauses, which the Union claims is at issue here. Under a traditional "interest arbitration" clause, a party contractually foregoes the right to invoke future use of traditional economic weapons following termination of a contract.[2] Although a party may agree to "interest arbitration," such clauses are permissive and not mandatory subjects of bargaining. *N.L.R.B. v. Greensboro Printing Pressmen*, 549 F.2d 308 (4th Cir.1977); *see generally*, Morris, *The Role of Interest Arbitration in a Collective Bargaining System*, 1 Ind.Rel.L.J. 427 (1976). As a permissive bargaining subject, courts have refused to allow a party to a contract to invoke an "interest arbitration" clause to perpetuate the same clause in a successive contract. *E.g., N.L.R.B. v. Columbus Printing Pressmen*, 543 F.2d 1161, 1169–70 (5th Cir.1976). Courts have reasoned that to allow such a result would bind the parties in perpetuity to forego the use of economic weapons in support of bargaining positions, depriving parties of the opportunity to readjust their relationship in response to changed economic circumstances. *Id.*

Similarly, in the instant case, to allow an "interest arbitration" clause to override the proper invocation of the termination clause would deprive the termination clause of all meaning, perpetuating the interest arbitration clause at the expense of an equally binding termination clause. *See Chattanooga Mailers v. Chattanooga News-Free Press*, 524 F.2d 1305 (6th Cir. 1975) (noting that if a contract was properly terminated, an interest arbitration clause would not be properly enforceable).

Moreover, non-enforcement of any "interest arbitration" clause in the instant case fully accords with the Supreme Court's decision in *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionary Workers Union*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). In *Nolde* the Court held that an employees' claim for severance pay which arose under the collective bargaining agreement was subject to the agreement's arbitration terms even though the claim arose after the contract was terminated. In *Nolde* the Court found that, *absent a contrary indication in the contract*, the parties did not intend for their arbitration duty to terminate automatically with the contract. To hold otherwise would have allowed the employer to cut off arbitration of severance pay claims by terminating the existing contract simultaneously with closing business operations.

Unlike *Nolde*, no such rationale is operative in the instant case where the dispute revolves around whether effect will be given to two clear and unambiguous provisions of a collective bargaining agreement.

### Conclusion

Therefore, the Company's right to terminate the contract was unfettered by the arbitration clause. In accordance with the foregoing opinion, the Company's motion for summary judgment is granted and the Union's Motion for summary judgment is denied.

---

(CCH) ¶ 11,319 (7th Cir.1984) (interpretations of "less than clear substantive provisions" should be arbitrated).

**2.** There are generally two types or categories of labor arbitration. The more common type is grievance arbitration, which relates to disagreement over the interpretation of the terms of an existing contract. The other type, variously styled "interest arbitration" and "new contract arbitration," is usually resorted to when the parties are unable to agree on the provisions of a new, renewed or reopened contract. *N.L.R.B. v. Columbus Printing Pressmen*, 543 F.2d 1161 n. 4 (5th Cir.1976).