**INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 1264, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. S–8267.

Supreme Court of Alaska.

Jan. 8, 1999.

Charles A. Dunnagan, Jermain, Dunnagan & Owens, P.C., Anchorage, for Appellant.

Thomas M. Daniel, Valerie L. Brown, Perkins Coie, Anchorage, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH and BRYNER, JJ.

### OPINION

MATTHEWS, Chief Justice.

The Municipality of Anchorage and the International Association of Firefighters (IAFF) have been parties to a series of collective bargaining agreements. The Municipality and IAFF for many years included an interest arbitration clause in their collective bargaining agreements. During contract negotiations in 1991 and 1994, IAFF desired to continue the practice, but the Municipality

did not. In both rounds of negotiation, IAFF insisted to the point of impasse on inclusion of the interest arbitration clause in the agreement. The Municipality, in turn, filed unfair labor practice charges with the Anchorage Municipal Employee Relations Board, alleging that IAFF's insistence on bargaining over the clause was an unfair labor practice.

■ The board concluded that an interest arbitration clause was a nonmandatory bargaining subject. The board ruled that IAFF had committed an unfair labor practice by insisting on bargaining over the clause, and ordered IAFF to cease and desist demanding inclusion of the clause in the agreement. The superior court affirmed. We now affirm as well.

■ The Anchorage Municipal Code requires the Municipality and its employees to collectively bargain in good faith over "wages, hours and other terms and conditions of employment." AMC 3.70.140(A)(5), (B)(2). This provision establishes a limitation on bargaining topics, dividing matters into mandatory and permissive bargaining subjects. *See Alaska Community Colleges' Fed'n of Teachers, Local No. 2404 v. University of Alaska*, 669 P.2d 1299, 1305 (Alaska 1983). Employers are required to collectively bargain in good faith on mandatory bargaining subjects, i.e., subjects involving "wages, hours, and other terms and conditions of employment." *Id.* Other topics are permissive bargaining subjects. Employers are not required to bring permissive bargaining subjects to the bargaining table, and are free to make unilateral changes on such matters. *See id.*

It is well settled in the federal courts that interest arbitration is a permissive bargaining subject, and that a union's insistence to impasse on inclusion of an interest arbitration clause in a contract is an unfair labor practice. *See Sheet Metal Workers' Int'l Ass'n, Local 14 v. Aldrich Air Conditioning, Inc.*, 717 F.2d 456, 458 (8th Cir.1983); *see also Sheet Metal Workers' Int'l Ass'n, Local No. 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 483–84 (9th Cir.1983); *Milwaukee Newspaper & Graphic Communications Union Local No. 23 v. Newspapers, Inc.*, 586 F.2d 19, 21 (7th Cir.1978); *NLRB v. Massachusetts Nurses Ass'n*, 557 F.2d 894, 899 (1st Cir.1977); *NLRB v. Greensboro Printing Pressmen & Assistants' Union No. 319*, 549 F.2d 308, 309 (4th Cir.1977); *NLRB v. Columbus Printing Pressmen & Assistants' Union No. 252*, 543 F.2d 1161, 1166 (5th Cir.1976). The federal courts have concluded that interest arbitration bears only an indirect or remote relation to wages, hours, and other terms and conditions of employment, and is therefore a permissive bargaining subject. *See, e.g., Massachusetts Nurses Ass'n*, 557 F.2d at 898; *Columbus Printing*, 543 F.2d at 1166. We agree.

■ IAFF contends, however, that the federal authority is inapposite because the Anchorage Municipal Code prohibits firefighters from striking, and thereby transforms interest arbitration into a condition of employment. *See* AMC 3.70.110(A)(1), (B); AMC 3.70.120(A), (D). We disagree. The strike prohibition may make interest arbitration more important to the union in negotiating new contracts, but it does not alter the nature of interest arbitration. Interest arbitration is simply a process by which the terms and conditions of a new employment contract are established by a final and binding decision of an arbitration panel. *See Public Safety Employees Ass'n, Local 92 v. State*, 902 P.2d 1334, 1335 n. 1 (Alaska 1995). Interest arbitration may impact the union representatives' relationship with the employer at the bargaining table, but it does not directly affect the employees' relationship with the employer in the workplace.

The order of the superior court is therefore AFFIRMED.

FABE, Justice, not participating.